UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEITH MAYS,                         :
                                    :
    Plaintiff                    :
                                    :
v.                                  : CIVIL NO. 3:CV-13-0522
                                    :
UNITED STATES OF AMERICA,           : (Judge Kosik)
                                    :
    Defendant                    :

FILED
SCRANTON
DEC 18 2013
PER _____
DEPUTY CLERK

**MEMORANDUM**

Keith Mays, an inmate currently confined at the Federal Correctional Institution at Schuylkill, Pennsylvania, filed the above civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671, et seq. Mays seeks compensation for the injuries he received when he slipped and fell on a wet floor in the staff dining room at FCI-Schuylkill on July 19, 2012. Presently pending before the court is Defendant's motion to dismiss, or in the alternative for summary judgment. (Doc. 21.) For the reasons that follow, the complaint will be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

I. **Statement of Facts**

On or about June 13, 2012, Mays applied for and was accepted into the FCI Schuylkill Culinary Arts vocational training program, which entails 500 hours of both

classroom instruction (book work) and live (hands-on) work. (Doc. No. 23, Def.'s SMF, ¶¶ 2, 3.) The live work part of the course includes inmates working in the Officers' Dining Hall at FCI-Schuylkill. (Id. ¶ 4.) Inmates enrolled in this program are paid inmate wages during the entire 500-hour course because they cannot enroll or participate in other courses, programs, or job assignments that conflict with the daily Monday-through-Friday schedule due to the program's curriculum and course objectives. (Id. ¶¶ 5-7.)

On June 13, 2012, Mays was provided the initial job orientation. (Id. ¶ 7.) He reviewed and signed the Classroom Rules and Culinary Ethics Code on July 2, 2012, and the Culinary Arts Memorandum of Notification on July 6, 2012. (Id. ¶ 8.)

Mays filed this FTCA action wherein he claims he suffered injury to his lower back, knee, hip and head when he slipped and fell in the officers dining room at FCI-Schuylkill on July 19, 2012. (Doc. 1, Compl. at 2.) He claims that the floor had just been mopped by students in the culinary arts vocational program. At approximately 7:30 a.m. that morning, he had reported to the Officers' Dining Hall for the live work part of the course. (Id. ¶ 9; Ex. A, Brown Decl. ¶ 5.) At approximately 9:00 a.m., Vocational Technical instructor Larry Brown heard commotion coming from the hallway and proceeded to that area, where he observed Mays on the floor. (Id.) Mays told Brown he had slipped and fallen on the wet floor. Brown told him to report to the medical department for an examination. (Id. ¶¶ 11, 12.) During this time, Brown also

observed "wet floor" caution signs placed at the entrance ways to the hallway. (Id. ¶ 13.)

Mays filed an administrative tort claim with the Bureau of Prison's Northeast Regional Office seeking $20,000.00 for personal injuries related to the July 19, 2012 slip and fall. (Doc. 23, Ex. B, McCluskey Decl. ¶ 4, Attach. 2 at 1-2.) The tort claim was denied, and Mays sought reconsideration. The request for reconsideration was denied by the Regional Office, and Mays was advised that because the alleged injury occurred during his Culinary Arts work assignment, his exclusive remedy is through the Inmate Accident Compensation System ("IAC"). (Id., SMF ¶ 19; Ex. B McCluskey Decl. ¶ 5; Attach. 3 at 6.)

## II. Legal Standard

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that the court lacks subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(b)(1), when "considering a motion to dismiss for lack of subject matter jurisdiction, the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Fed. Realty Inv. Trust v. Juniper Props. Group, No. 99-3389, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000)(citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). The district court, when reviewing a motion to dismiss for lack of subject matter jurisdiction, "must accept as true the allegations contained in the plaintiff's complaint,

3

except to the extent federal jurisdiction is dependent on certain facts." Id. (citing Haydo v. Amerikohl Mining, Inc., 830 F.2d 494, 496 (3dCir. 1987)). The district court is not confined to the face of the pleadings when deciding whether subject matter jurisdiction exists. Id. (citing Armstrong World Indus. v. Adams, 961 F.2d 405, 410 n. 10 (3d Cir. 1992)). "In assessing a Rule 12(b)(1) motion, the parties may submit and the court may consider affidavits and other relevant evidence outside of the pleadings." Id. (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)); see also Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2000). In the case where the defendant attacks jurisdiction with supporting affidavits, "the plaintiff has the burden of responding to the facts so stated." Id. "A conclusory response or a restatement of the allegations of the complaint is not sufficient." Id. (citing Int'l Ass'n of Machinists & Aerospace Workers v. N.W. Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982)).

## III. Discussion

Defendant seeks the dismissal of Mays' complaint on the basis that it is precluded by the IAC, 18 U.S.C. § 4126. The IAC provides a comprehensive scheme for recovery for inmates who are injured while working at a prison job. Id. The regulations addressing such recovery are found at 28 C.F.R. § 301.301. The IAC provides for "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operations of

4

the institution where the inmates are confined." See 18 U.S.C. § 4126(c)(4).

In United States v. Demko, 385 U.S. 149 (1966), the Supreme Court held that the IAC is the exclusive remedy for prisoners who are injured while working. Id. at 152. Under IAC, inmates injured while performing their assigned duties may recover lost-time wages, as well as compensation for work-related physical impairment or death. See generally 28 C.F.R. § 301.101(a) and (b); § 301.203(a) and (b); § 301.204(a).

In the instant case, Defendant maintains that the sole remedy available to Mays is the IAC and, as such, this court lacks subject matter jurisdiction and his FTCA complaint should be dismissed. In support thereof, Defendant cites not only to Mays' allegations as to when and where the slip and fall occurred, but also submits the declaration and supporting documents of Larry Brown, Vocational Training Instructor at FCI-Schuylkill. Brown's declaration establishes that on the date and at the time in question, Mays was participating in the live work portion of the Culinary Arts Certification Program for which he was being compensated inmate wages. (Doc. 23, Ex. A., Brown Decl.) Based on the foregoing, Defendant states that Mays fails to allege any claim for damages that does not stem from his work-related injuries and that the IAC is his exclusive remedy. See Brown v. General Serv. Admin., 425 U.S. 820, 834 (1976); Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987).

In response to Defendant's motion, Mays argues that the accident was not work-

5

related, but rather at the time he was enrolled in a vocational, technical program. As such, he appears to argue that he was participating in an educational, as opposed to a work, program. The court is not persuaded by this argument based upon the fact that Mays was being compensated inmate wages. Moreover, Mays does not submit any evidentiary support to contradict Defendant's supported statements that he was participating in the Culinary Program at the time of the fall and was being paid wages. Further, while Mays argues that he was "in recess for short line lunch" at the time of the slip and fall, courts have found that injuries which occurred inside the work station or area while an inmate was going to or from work or to or from a meal break during work, are exclusively covered by the IAC. See, e.g., Baynes v. United States, 302 F. App'x 334, 335-36 (6th Cir. 2008); Wooten, 437 F.2d at 80; Payton v. United States, Civ. No. 5:09-CT-3050-BO, 2011 WL 3240487, slip op at *3 (E.D.N.C. July 28, 2011). For these reasons, Defendant's motion to dismiss will be granted.[1] An appropriate order follows.

---

[1] For these reasons, the court will not address Defendant's alternative request for summary judgment with respect to the merits of Mays' claims.